IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLEARBROOK, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **CIVIL ACTION NO. 06-0629-CG-M** |
| | ) | |
| **JEFF OVALL, in his official capacity as** | ) | |
| **Senior Freedom of Information Act** | ) | |
| **Specialist for the Federal Emergency** | ) | |
| **Management Agency; THE FEDERAL** | ) | |
| **EMERGENCY MANAGEMENT** | ) | |
| **AGENCY; THE UNITED STATES** | ) | |
| **DEPARTMENT OF HOMELAND** | ) | |
| **SECURITY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on plaintiff's motion for a preliminary injunction (Doc. 1), brief in support (Doc. 3), defendant's response (Doc. 18), plaintiff's reply (Doc. 20), and defendant's surreply. (Doc. 21). A hearing was held on October 27, 2006. Upon consideration of the evidence presented at the hearing, as well as the parties' submissions, the court concludes that the plaintiff has failed to meet its burden. Accordingly, plaintiff's motion for a preliminary injunction is due to be denied.

## BACKGROUND

Plaintiff, Clearbrook, L.L.C. (hereinafter "Clearbrook"), from September 11, 2005, to September 28, 2005, entered into three contracts with the Federal Emergency Management Agency (hereinafter "FEMA"), a component of the United States Department of Homeland Security, for the provision of goods and services to FEMA workers during the Hurricane Katrina

disaster relief effort.  Plaintiff provided the goods and services requested in accordance with the contracts.   This action has arisen from a Freedom of Information Act (hereinafter "FOIA") request, by Sean Reilly, a reporter for Newhouse News Service, for a copy of the contracts awarded since August 29, 2005, to the plaintiff.

On August 24, 2006, Jeff Ovall, Senior FOIA Specialist, notified plaintiff by letter that Reilly had made an FOIA request to FEMA for a copy of the subject contracts.   The August 24, 2006, letter went on to state that because the requested records may contain proprietary information - specifically unit prices- that might be considered privileged and confidential as defined under certain FOIA exemptions, plaintiff should identify data that it wanted withheld and respond to FEMA, in writing, within ten (10) business days from the date of the notice.   The letter instructed plaintiff to adduce "detailed written comments to support [its] position." Additionally, the letter directed plaintiff to "state the specific competitive harm that could result by releasing the information and whether the information is normally available to the public."

In a letter dated September 1, 2006, plaintiff objected to the release of the information sought by Reilly's request.   Plaintiff asserted that the contracts at issue contained confidential trade secrets and commercial or financial information and, therefore, were not subject to disclosure pursuant to 5 U.S.C. § 552(b)(4).   Plaintiff submitted another letter to Ovall, dated September 6, 2006, in which plaintiff claimed that disclosure of certain information in the contract would provide its competitor with information on goods and services that plaintiff provided to FEMA, and the cost thereof, which would not otherwise be available, and would therefore place plaintiff at a competitive disadvantage and subject it to financial hardship.   In turn, FEMA informed plaintiff, on September 25, 2006, that FEMA would release the

information at issue, over plaintiff's objections, within ten (10) working days from the date of the letter unless judicial relief was sought through the court prior to such disclosure.

On October 5, 2006, the plaintiff sought to present further information in support of its assertion that the release of unit prices would cause specific competitive harm. However, pursuant to 6 C.F.R. § 5.8(f), "[i]nformation provided by the submitter that is not received by the component until after its disclosure decision has been made shall not be considered by the component." Accordingly, the defendant declined to consider the information proffered after the agency issued its disclosure decision.

Plaintiff responded by filing an application for temporary restraining order with this court on October 5, 2006. (Doc. 2). Based upon the plaintiff's submissions, the court issued a temporary restraining order enjoining defendant "from disclosing that information contained in the three contracts at issue concerning plaintiff's unit-pricing and cost structure for the goods and services plaintiff used in fulfilling its obligation under the subject contracts." (Doc. 8 at 5). The court must now consider the plaintiff's request for a preliminary injunction in light of the parties' submissions and the arguments made at the hearing held on October 27, 2006.

## LEGAL STANDARD

The decision to grant or deny a preliminary injunction is a matter within the discretion of the district court and is reviewable only for abuse of discretion. Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988). A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Nnadi v. Richter,

976 F.2d 682, 690 (11th Cir. 1992); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).[1] The Eleventh Circuit has found that a movant's failure to demonstrate a likelihood of success on the merits may defeat the party's motion for injunctive relief irrespective of the other elements. See e.g., Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

## ANALYSIS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The bar of sovereign immunity also applies to actions for injunctive relief. See Beale v. Blount, 461 F.2d 1133 (5th Cir. 1972). In this case, there is no dispute that the appropriate waiver of sovereign immunity for this FOIA claim is found in the Administrative Procedures Act (hereinafter "APA"). Plaintiff suggests that, under the APA, FEMA's actions and decisions were "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with the law." (Doc. 3 at 4). See 5 U.S.C. § 706(2)(A).

Before this court proceeds with its analysis of the likelihood of plaintiff's success on the merits, it should be noted that "[t]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29 (1983).  This court, therefore, is limited to determining "whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971). See Wright v. United States, 164 F.3d 267, 269 (5th Cir. 1999)('[a]s long as a rational basis for the agency's decision exists, it is not considered an abuse of discretion.").  In addition, the APA confines judicial review of agency action to the administrative record, Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998); viz., the 'materials compiled by the agency . . . that were before the agency at the time the decision was made.;  James Madison, Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996).  "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U. S. C. § 706, to the agency decision based on the record the agency presents to the reviewing court."  Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-744 (1985)(citing Overton Park, 401 U.S. 402 (1971).

Defendant contends that the plaintiff is not likely to succeed on the merits of its claims because FEMA's decision was not arbitrary and capricious.  Defendant submits that the plaintiff's response to its August 24, 2006 letter, in which defendant instructed plaintiff to provide detailed written comments to support its position  and to state the specific competitive harm that could result by releasing the information and whether the information is normally available to the public, was insufficient for the agency to determine if the disclosure would impair the government's future interests or cause the plaintiff competitive harm.  The only explanation offered by plaintiff that was before FEMA in the administrative record is that:

> disclosure of the bracketed information [information in the three contracts marked as protected by plaintiff's counsel] would provide to my client's competitors information on goods and services provided and the cost thereof which would otherwise not be available and would place my client in a competitive disadvantage and subject it to financial hardship.

(Admin. R., Doc. 17-2 at 37).

Defendant argues that the agency was in compliance with FOIA when it made its final determination to release the unit prices since the burden was on the plaintiff to demonstrate competitive harm and the plaintiff failed to do so.  Furthermore, defendant found that the plaintiff's conclusory statement neither demonstrated a likelihood of actual competitive harm nor explained how the release of unit prices would cause it competitive harm.  See National Parks & Conserv. Ass'n v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974)("commercial or financial matter is 'confidential' for purposes of the exemption if disclosure of the information is likely . . . to cause substantial harm to the competitive position of the person from whom the information was obtained.").  Plaintiff responds that FEMA possessed sufficient information to conclude that the pricing information contained in the subject contracts should fall under Exemption 4 of the FOIA.

At the outset, the court finds that the defendant's September 25, 2006 letter, which provides that the documents would be "released in 10 working days from the date of this letter," (Admin. R., Doc. 17-2 at 39), constitutes FEMA's final decision.  Thus, any material submitted after that date, including the affidavit of plaintiff's president, Bruce Wagner, submitted on October 5, 2006, is not a part of the administrative record.  In view of this finding, the court cannot conclude that plaintiff carried its burden to prove that FEMA's decision lacked a rational basis under the applicable standard as set forth in National Parks, 498 F.2d at 770.[2]  See Martin Marietta Corp. v. Dalton, 974 F.Supp. 37, 40 n. 4 (D.D.C. 1997)("party seeking to prevent a

---

[2] Plaintiff claims that FEMA should have applied the standard established in Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871 (D.C. Cir. 1992).  The Critical Mass court declared that where information is submitted to the Government voluntarily, that information is "confidential" if it is not the type that a provider would customary release to the public.  Id. at 880.  In contrast, the National Parks test is proper when assessing the confidentiality of the information submitted under compulsion.  Canadian Commercial Corp. v. Dep't of the Air Force, 442 F.Supp.2d 15, 29 (D.D.C. 2006).  Because "[t]he federal government is required by law to consider price when it decides which competitor should be awarded a contract," such information is deemed to be involuntarily submitted.  Id.  Accordingly, defendant properly applied the National Parks test to assess the confidentiality of plaintiff's unit pricing information.

disclosure the government itself is otherwise willing to make assumes that burden."). Therefore, the court finds that plaintiff is not likely to succeed on the merits.

Regarding the second element, defendant argues that to establish irreparable injury, Plaintiff must show that they will suffer an injury that cannot be adequately compensated if, at some later point in time, plaintiff prevails on the merits of the case. The plaintiff has not submitted the type of information that would allow the court to determine if the unit pricing could allow competitors to "reverse engineer" the unit pricing in order to determine how the unit prices were arrived at. Therefore, plaintiff has not shown how it is possible to ascertain how a competitor could determine plaintiff's future pricing from the release of the unit prices in the contract. Additionally, although plaintiff indicates that it is currently participating in bidding against competitors for future government contracts, plaintiff has not demonstrated that the pricing structures at issue in the FEMA contracts would be relevant for any potential future government contracts. As such, the court finds that the plaintiff has not established that an irreparable injury will occur if the unit prices are released to the public.

Having found that plaintiff has not established the first two of four prerequisites for injunctive relief, the court declines to proceed with analysis of the other two factors. Failure to meet even one of the prerequisites is sufficient reason to deny the motion .

## CONCLUSION

Plaintiff's motion for preliminary injunction is **DENIED**

**DONE and ORDERED** this 3rd day of November 2006.

                                                  /s/ Callie V. S. Granade
                                    **CHIEF UNITED STATES DISTRICT JUDGE**